**UNITED STATES of America,**
**Appellee,**

v.

**Bernard JONES, Defendant–Appellant.**

**Docket No. 01–1346.**

United States Court of Appeals,
Second Circuit.

March 26, 2002.

David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Matthew L. Levine, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY; Alan Vinegrad, United States Attorney, Susan Corkery, Caren Myers, Assistant United States Attorneys, on the brief, for Appellee.

Present McLAUGHLIN, JACOBS, and KEITH,* Circuit Judges.

* The Honorable Damon J. Keith, Senior Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Bernard Jones appeals from a sentence imposed by the United States District Court for the Eastern District of New York (Amon, J.) after Jones pleaded guilty to one count of possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On June 19, 2001, the district court sentenced Jones principally to 57 months in prison.

On appeal, Jones challenges the district court's refusal to grant him a downward departure that Jones contends he should have received as a result of his cooperation with the government. Although Jones provided information that aided New York state authorities in locating, arresting, and indicting a homicide suspect, and the cooperation agreement called for the government to recommend a downward departure at Jones's sentencing, the agreement further provided that the government would be released from this obligation if, *inter alia,* the United States Attorney's office "judged ... that [Jones] has committed or attempted to commit any further crimes."

Prior to sentencing, Jones moved for a downward departure pursuant to U.S.S.G. § 5K2.0, and the government opposed on the ground that information from "independent confidential sources" established that Jones had breached the cooperation agreement by selling illegal drugs and possessing a firearm after he had been released on bail. The government argued that it had no burden to prove anything in order for the court to deny a downward departure, but the court elected to hold an evidentiary hearing on the matter.

At the hearing on June 19, 2001, the sole witness was the detective assigned to the Jones case, Daniel Chiarantano, who testified that, according to two different witnesses, Jones had continued selling drugs after being released on bail. According to Chiarantano, the first source told Chiarantano that he had observed Jones selling crack cocaine and that he had been told by Jones that Jones was carrying a gun. Chiarantano said he learned of the other source through a pre-trial services officer who had in turn spoken with the source. Chiarantano also testified that on the basis of this information, he obtained a warrant for Jones's arrest, and that during a consensual search of Jones's apartment on May 14, 2001, Chiarantano discovered, on Jones's bed, 73 red transparent "ziplocked" envelopes of a kind that, in his experience, are typically used to package small amounts of powder and crack cocaine. Jones challenged Chiarantano's testimony as uncorroborated hearsay.

The district court found by a preponderance of the evidence that Jones had violated the terms of his release, noting that the two sources had corroborated one another, that their statements were based on personal observation, that there was no evidence they were not independent of one another, and that their observations were "principal[ly]" corroborated by the 73 envelopes. Concluding that Jones had sold drugs while released on bail, but taking into account his cooperation with the government, the district court sentenced Jones to 57 months, the bottom of the applicable guideline range.

On appeal, Jones argues that his Due Process rights were violated at sentencing because the district court relied on uncorroborated hearsay statements.

This Court generally lacks jurisdiction to review a district court's refusal to grant a downward departure in criminal sentenc-

ing. *United States v. Desena,* 260 F.3d 150, 159 (2d Cir.2001). The government concedes, as it must, however, that Jones's claim is essentially a claim that the district court imposed a sentence in violation of law, and is therefore reviewable. *See United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.1998).

■ The Due Process Clause affords the district court wide latitude at sentencing. *See United States v. Fatico,* 579 F.2d 707, 711 (2d Cir.1978); *United States v. Carmona,* 873 F.2d 569, 574 (2d Cir.1989) (sentencing court's discretion is "largely unlimited either as to the kind of information [it] may consider, or the source from which it may come"). The district court's choice of procedures for resolving contested issues at sentencing is reviewed for an abuse of discretion. *United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996) ("All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations.") (internal quotation marks omitted). In particular, we have held that a sentencing judge may rely on hearsay from an unidentified source when there is "good cause for not disclosing [the source's identity], and the information he furnishes is subject to corroboration by other means." *Carmona,* 873 F.2d at 574.

■ The evidence here is hardly compelling, but we do not think the district court abused its discretion. First, the district court held an evidentiary hearing notwithstanding the government's assurance that the court's discretion to grant or not grant a downward departure made a hearing unnecessary. Second, the record shows that the court carefully tested and weighed Chiarantano's testimony, and questioned the detective at one point. Third, the district court also expressly relied on the 73 zip-locked bags as a "principal piece" of corroboration. And while

there is an available inference (argued by Jones) that the bags were left over from his days as an active dealer, the inference of active dealing was also available. The latter inference was drawn, and it corroborates the hearsay that would otherwise be uncorroborated.

Finally, Jones suggests for the first on appeal, in a footnote to his brief, that there may not have been a "good cause" to keep the identity of the sources secret. Jones made no such objection in the district court, and this argument does not withstand plain error review.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.